The opinion of the Court was delivered by
O’Neall, J.
The single ground of appeal, in this case, presents the question, whether after a verdict for the plaintiff, in an *483 action of trespass to try title, for a part of the land, on which he enters up judgment, he can, within two years, bring a second action for the residue, which he failed to recover ?
I think he cannot. Such an opinion is very distinctly expressed by brother Frost, in the case of Dyson vs. Leek, (5 Strob. 141). It is however true, that that action was not brought until after two years, and his argument is mainly addressed to the point, that a verdict for the plaintiff for part is equivalent to a verdict for the defendant, and that the judgment for the plaintiff for the part so found is a judgment for the defendant for the residue: and does not conclude the question now made.
By the 4th paragraph of the Act of 1712, (2 Stat. 584,) a plaintiff in ejectment failing to recover was concluded, and could not bring a second action. By the 1st sect. of the Act of 1744, (3 Stat. 612,) this law was so amended as to permit a plaintiff, where, “ verdict and judgment shall pass against” him, or he “ suffers a nonsuit or discontinuance or any other ways let fall” his action, to bring a second action.
The single enquiry is, have any of the contingencies mentioned in the Act happened ? Clearly not. The plaintiff has had a verdict, has entered up his judgment, and has, therefore, legally recovered a part of the land then and now in dispute from the grantor of the defendants. He has, therefore, under this Act, no right to a second action. But it is said, in ejectment, before the Act of 1712, he could bring suits ad libitum: and that Act being, like this, only a restriction to one action in the same contingencies, it follows, that not being within its terms, the party may sue again. Notwithstanding it may be true, that in ejectment, owing to its fictions, there could be no limit to successive actions, yet it cannot help the plaintiff. For although the action of trespass to try title is substituted for the action of ejectment, yet it does not follow that all the consequences of the former attach to the latter. The difference in form and parties makes an essential difference in the particular before us. There is nothing in the law which would prevent a recovery in tres-ass to try title from concluding all parties and privies in estate, *484 save the provision in the Act of 1744 now before us, and even that has been held not to help a defendant.
But one consequence satisfies me, that the plaintiff, recovering a part of the land, cannot have a second writ. For if he could, in the second case the defendant might recover, and, then, what would become of the part previously recovered ?
The second judgment would be a reversal of the first: or the two would stand conflicting with each other. Such results can not be allowed : and hence, therefore, the plaintiff ought to be concluded by his former recovery.
It is not necessary to hold that the former recovery is an estoppel: it is sufficient to say, that, as evidence, it concludes the plaintiff from a recovery.
The motion is dismissed.
Fiiost, Withers and Whitner, JJ. concuned.
Evans and Wardlaw, JJ. dissented.

Motion dismissed.